UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                                                Case Number 06-20440
                                                                Honorable Thomas L. Ludington

TYREECE DUPREE PITTS,

                Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTIONS FOR REDUCTION OF SENTENCE**

The Anti–Drug Abuse Act of 1986, Pub. L. No. 99-570, 100 Stat. 3207, established severe penalties for the possession of crack cocaine. The disparity between the penalties for distributing crack cocaine and powder cocaine was dramatic. 100–to–1. As Justice Breyer observed, the statute "imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one one-hundredth that amount of crack cocaine *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012).

In 2010, Congress enacted the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372, which narrowed this disparity. Instead of 100–to–1, it now stands at 18–to–1. Put differently, the Fair Sentencing Act imposes upon an offender who dealt in powder cocaine the same sentence it imposes upon an offender who dealt in one-eighteenth that amount of crack cocaine.

Two years later in *Dorsey*, the Supreme Court held that the Fair Sentencing Act's "more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3." 132 S. Ct. at 2326.

Defendant Tyreece Pitts, relying on *Dorsey*, requests that the Court retroactively apply the Fair Sentencing Act and resentence him under its more lenient penalty provisions. ECF Nos. 22, 26, 27. This the Court cannot do.

Defendant was indicted in August 2006 and charged with possessing with intent to distribute five grams or more of a substance containing cocaine base. The crime was subject to a mandatory minimum prison term of 120 months. Defendant pleaded guilty in October 2006. With a base offense level of 27 and a criminal history category IV, Defendant faced an advisory sentencing range of 120 to 125 months imprisonment. In February 2007, Defendant was sentenced to 125 months.

Eight months later, the United States Sentencing Commission amended the sentencing guidelines, reducing the offense level applicable to crack cocaine offenses. U.S.S.G app. C, amends. 706, 711 (effective Nov. 1, 2007); *see generally* Brian Crowell, *Amendment 706 to the U.S. Sentencing Guidelines: Not All It Was Cracked Up to Be*, 55 Vill. L. Rev. 959, 961–65 (2010) (discussing amendments).

The United States Code permits a court to reduce a defendant's sentence when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

In 2009, the parties in this case submitted a stipulation that Defendant "meets the criteria under United States Sentencing Guidelines Amendments 706 and 711, the recent retroactive amendments to the sentencing guidelines which reduce the offense level for cases that were sentenced using the cocaine base guidelines. Thus, [Defendant's] amended guideline range

would be 120 months in custody (the mandatory minimum sentence)." In June 2009, the Court entered an order reducing Defendant's sentence to the statutory minimum, 120 months.

Defendant now moves for a further reduction based on the Fair Sentencing Act and *Dorsey*. He writes: "After the Supreme Court decision in *Dorsey v. United States* was decided on April 16, 2012 it would seem that Mr. Pitts is eligible to further reduction consistent with this decision and the new amended Fair Sentencing Act law." Additionally, Defendant requests that the Court again reduce his sentence "pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. 1B1.10(c)."

*Dorsey*, however, does not support Defendant's assertion. In *Dorsey*, as noted, the Supreme Court held that the Fair Sentencing Act's more lenient penalties apply to defendants with pending cases — that is, "to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3." 132 S. Ct. at 2326. The Supreme Court thus did not address offenders, like Defendant, who committed the crime and were sentenced before August 3, 2010.

But the Sixth Circuit has. It instructs that a defendant convicted and sentenced before the Fair Sentencing Act was enacted cannot not be resentenced according to its provisions. *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010).[1] Obligated to follow the instructions of the Sixth Circuit, this Court must deny Defendant's request for a reduction based on the Fair Sentencing Act and *Dorsey*.

---

[1] This conclusion is in accord with those of the other federal courts of appeals. As one commentator recently observed, "Generally, no debate exists among the courts on whether the FSA applies to . . . already-sentenced defendants. . . . The eleven courts of appeal that have considered the issue agree that the new penalties do not apply to defendants who were sentenced prior to August 3." Sarah Hyser, Comment, *Two Steps Forward, One Step Back: How Federal Courts Took the "Fair" Out of the Fair Sentencing Act of 2010*, 117 Penn St. L. Rev. 503, 516 (2012) (footnote and quotation marks omitted) (quoting U.S. Dep't of Just., Office of the Att'y Gen., *Memorandum for All Federal Prosecutors* (July 15, 2011), *available at* http:// www.fd.org/docs/crack-cocaine/Holder-FSA-memo-7-15-11.pdf).

Defendant's reliance on § 3582(c)(2) and U.S.S.G. 1B1.10 is similarly misplaced. Because a statutory mandatory minimum sentence was imposed, Defendant is not eligible for a further sentence reduction.[2]

Accordingly, it is **ORDERED** that Defendant's motions for a reduction of sentence (ECF Nos. 22, 26, 27) are **DENIED**.

Dated: February 20, 2013

                                        s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Tyreece Dupree Pitts #40735039 at Beaumont U.S. Penitentiary, Inmate Mail/Parcels, P. O. Box 26030, Beaumont, TX 77720 by first class U.S. mail on February 20, 2013.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS

---

[2] *See* U.S.S.G. § 1B1.10, cmt. n. 1 (2011) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) . . . [if] an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).")